IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ERNEST DAILY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-3383-CV-S-ODS-SSA ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his applications for disability insurance benefits and supplemental security income. The Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff Ernest Daily was born in 1971 and completed twelfth grade. R. at 34-35, 158, 219. He previously worked as a landscape laborer, truck driver, and maintenance worker. R. at 56-57. Plaintiff filed for disability insurance benefits and supplemental security income, alleging a disability onset date of December 29, 2012. R. at 13, 158-63. On that date, Plaintiff's face and eyes were injured when an aerosol can in a bonfire exploded. R. at 43-44. His applications were denied, and he requested a hearing. R. at 85-93. A hearing was held in April 2014, and the Administrative Law Judge ("ALJ") issued his decision in May 2014, finding Plaintiff was not disabled. R. 13-62.

The ALJ determined Plaintiff had the severe impairments of obesity, degenerative disc disease of the spine, blindness in the left eye, obstructive sleep apnea, and hypertension. R. at 15. The ALJ also concluded Plaintiff suffered from non-severe impairments of headaches, enlarged heart, right corneal abrasion, and feeling "depressed." R. at 16-17. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except Plaintiff cannot climb ladders, ropes, scaffolds, or balance; can occasionally climb ramps and stairs; can occasionally stoop, kneel, crouch, or crawl; and must avoid hazards including unprotected heights, working around dangerous moving machinery, balancing on beams, slippery or uneven surfaces, and commercial driving. R. at 18. The ALJ found Plaintiff could perform work as an order clerk or charge account clerk. R. at 24. Plaintiff's appeal to the Appeals Council was denied. R. at 1-3. Plaintiff now appeals to this Court.

## III. DISCUSSION
### A. Plaintiff's RFC

Plaintiff argues the ALJ's RFC failed to include additional limitations in vision acuity and depth perception and his need to take breaks due to headaches and light sensitivity. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

### (1) Vision Acuity and Depth Perception

The ALJ accounted for limitations associated with Plaintiff's vision acuity and depth perception in the RFC. The ALJ found that "due to blindness in the left eye resulting in limited depth perception and a reduced field of vision…, the claimant must avoid hazards including unprotected heights, working around dangerous moving machinery, balancing on beams, slippery or uneven surfaces, and commercial driving." R. at 18. Substantial evidence in the record supports these limitations.

Plaintiff, however, argues additional limitations associated with his vision acuity and depth perception should have been included in the RFC. The ALJ concluded the injuries to Plaintiff's eyes, while initially serious, improved within the twelve months following the injuries. Since 2013, Plaintiff's visual acuity has been 20/20 or 20/30 (corrected with glasses) in his right eye, and 20/200 in his left eye. R. at 450-51, 454, 465, 467, 469, 472, 474, 477-78, 483, 488, 497, 628, 630. The ALJ found Plaintiff's depth perception was limited, but the record does not set forth limitations to Plaintiff's depth perception other than those limitations already set forth in the RFC. The evidence in the record was sufficient to support the ALJ's determination about Plaintiff's capabilities and limitations. The Court finds the ALJ properly formulated Plaintiff's RFC.

### (2) Headaches and Light Sensitivity

Plaintiff also contends the ALJ's RFC should have encompassed Plaintiff's purported need to take breaks due to headaches and light sensitivity. With regard to Plaintiff's complaints of headaches, the medical records reflect he had headaches immediately after his injury in late 2012, but the headaches were treated by over-the-counter medication, have not persisted for any length of time, have not resulted in any significant symptoms, and have not caused functional limitations. R. at 16, 444, 447, 451, 465, 469. The ALJ properly found that Plaintiff's intermittent headaches, which are controlled by medication, did not reduce his RFC. *See Brown v. Heckler*, 767 F.2d 451, 453 (8th Cir. 1985) (finding the ALJ properly concluded the claimant's headaches were not disabling because they were intermittent and could be relieved by medication).

Plaintiff also argues the ALJ should have included limitations pertaining to his light sensitivity in the RFC. The ALJ found Plaintiff's light sensitivity was largely

resolved within twelve months of the injury. R. at 22. Significantly, Plaintiff had many follow-up appointments associated with his eye injury, but there is only one mention of light sensitivity in the record. R. at 550. Accordingly, the ALJ properly afforded little weight to this limitation.

The evidence in the record was sufficient to support the ALJ's determination about Plaintiff's capabilities. The Court finds the ALJ properly formulated the RFC determination.

### B. Plaintiff's Credibility

Plaintiff also argues the ALJ failed to properly analyze Plaintiff's credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

4

*Id.* at 1322. The ALJ may also consider the claimant's work history and the absence of objective medical evidence to support the claimant's complaints. *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) (citations omitted).

The ALJ concluded Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were only partially credible due to the objective medical evidence, ability to work with most of his alleged impairments, and improvement of some of his impairments. R. at 19-21. First, the ALJ found Plaintiff's allegations of high levels of chronic back pain were not supported by the medical records, which indicate only sporadic complaints of back pain and no objective medical evidence to suggest functional limitations. R. at 19-20, 589-90. Second, Plaintiff's obesity, back pain, sleep apnea, and hypertension were all present before the alleged onset date of his disability, and there was no evidence that those conditions limited Plaintiff's ability to work. R. at 20, 195-99. In fact, these pre-onset limitations did not cause Plaintiff to leave work; he was laid off. R. at 19, 53. Third, less than a year after the injury to his eyes, Plaintiff reported only intermittent pain, there was some remaining vision in the left eye (20/200), and the vision in his right eye was corrected to 20/20 within twelve months of the injury. R. at 20-21, 481.

The ALJ properly considered the objective medical evidence and the improvement of Plaintiff's impairments when the ALJ made a determination about Plaintiff's credibility. Having considered the record as a whole, the Court concludes there is substantial evidence to support the ALJ's credibility determination.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision, so the denial of benefits is affirmed.

IT IS SO ORDERED.

DATE: May 27, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

5